F. M. BURDSALL v. GEORGE M. BURDSALL ET AL.

**"Are Deceased" in Will Devising Estate to Testator's Children at Death of Widow Speaks from Widow's Death.**

The words "are deceased" as used in an item of a will reading: "If my wife should marry or at her natural death, I devise and bequeath my property to be equally divided among my children, except those children who are deceased," limit the devise to children living at the time of the death of the widow.

ERROR to common pleas court.

*Charles S. Burdsall* and *Scott Bonham,* for plaintiff in error:

Cited and commented upon by the following authorities: *White* v. *Rowland,* 67 Ga. 546 [44 Am. Rep. 731]; *Willis* v. *Jenkins,* 30 Ga. 167; *Walker* v. *Williamson,* 25 Ga. 549; Jarman, Wills 52; *Clark* v. *Clark,* 19 S. C. 345; *Roundtree* v. *Roundtree,* 26 S. C. 450 [2 S. E. Rep. 474]; *Winter, In re,* 114 Cal. 186

Burdsall v. Burdsall.

[45 Pac. Rep. 1063]; *Fargo* v. *Miller,* 150 Mass. 225 [22 N. E. Rep. 1003; 5 L. R. A. 690]; *Stewart,·In re,* 147 Pa. St. 383 [23 Atl. Rep. 599]; Kenyon's Petitioner, 17 R. I. 149 [20 Atl. Rep. 294]; *Arnold* v. *Alden,* 173 Ill. 229 [50 N. E. Rep. 704]; *Patchen* v. *Patchen,* 121 N. Y. 432 [24 N. E. Rep. 695]; *Heard* v. *Read,* 169 Mass. 216 [47 N. E. Rep. 778]; *Knowlton* v. *Sanderson,* 141 Mass. 323 [6 N. E. Rep. 228]; *Delaney* v. *McCormack,* 88 N. Y. 174; *Robison* v. *Orphan Asylum,* 123 U. S. 702 [8 Sup. Ct. Rep. 327; 31 L. Ed. 293]; *Shanks* v. *Mills,* 25 S. C. 358; *Thompson* v. *Ludington,* 104 Mass. 193; *Frey* v. *Thompson,* 66 Ala. 287; *Underhill* v. *Roden,* 2 Ch. Div. 496; *Chappel* v. *Avery,* 6 Conn. 31; *Bigley* v. *Watson,* 98 Tenn. 358 [39 S. W. Rep. 525]; *Barr* v. *Denney,* 79 Ohio St. 358 [87 N. E. Rep. 267]; 4 Kent 207; *Richey* v. *Johnson,* 30 Ohio St. 288; *Crane, In re,* 164 N. Y. 71 [58 N. E. Rep. 47]; *Sinton* v. *Boyd,* 19 Ohio St. 30 [2 Am. Rep. 369]; *Hamilton* v. *Rodgers,* 38 Ohio St. 242; *Bannister* v. *Bull,* 16 S. C. 220; *Olney* v. *Hull,* 38 Mass. (21 Pick.) 311.

*David Davis* and *Wm. M. Tugman,* for defendant in error.

**JONES, J.**

Moses Burdsall died in the year 1858 leaving a widow and seven children. He had been married four times and was the father of eighteen children. Some of the children by former wives were dead at the time of his death and others survived him. It appears, too, that some of his deceased children left issue surviving them.

He died testate and we are called upon to construe the following paragraph from his will:

"Item 3d. If my wife should marry or at her natural death, I devise and bequeath my property to be equally divided among my children, except those children who are deceased."

The widow did not remarry and died in 1908, fifty years after the death of testator. Her seven children survived her, all his children by former wives having died in the meantime.

The controversy arises over the meaning of the excepting clause in said item three—whether the verb "are deceased" re-

lates to the time of his death or to the time of her death. It is argued that "are deceased" being in the present tense relates to the time of his death and that all the children then living and their descendants will take *per stirpes;* and, that if it was intended to have a future signification the future tense of the verb would have been used.

We think this view erroneous. The action or operation of the devise is placed in the future, namely: "at her death." To say "at her death I devise my property to my children, except such children as are deceased," is equivalent to saying as are deceased at that time.

Again, if it was the intention to make the devise to the children living at the time the will was made, why the exception of deceased children?

Such intention would be clear without the exception. The living children only could be beneficiaries.

It must be presumed that the testator meant something by the exception. If it were his intention to give the property to the children living at the time the will was written, the exception is useless.

Without the exception all children or their issue would be devisees under that item of the will.

The only way force and effect can be given to the excepting clause is to limit the devise to the children who survived the widow, and this, we think, is the correct construction.

**Smith** and **Swing, JJ.,** concur.